## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Ezequiel J.-A.,

Civil No. 26-868 (DWF/SGE)

Petitioner,

v.

Pamela Bondi, *Attorney General, United States Department of Justice*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; and David Easterwood, *Field Office Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*,

MEMORANDUM
OPINION AND ORDER

Respondents.

### INTRODUCTION

This matter is before the Court on Petitioner Ezequiel J.-A.'s petition for a writ of habeas corpus (the "Petition"). (Doc. No. 1.) Respondents filed a response asserting authority to detain Petitioner under 8 U.S.C. § 1225(b)(2)(A). (Doc. No. 5.) For the reasons set forth below, the Court grants the Petition and orders Respondents to provide Petitioner with a bond hearing within seven days of the date of this Order.

### BACKGROUND

Petitioner is a citizen of Mexico and a resident of Minnesota. (Doc. No. 1 ¶ 2.) He entered the United States without inspection in 1995. (*Id.*) He was detained by the

Department of Homeland Security ("DHS") in 2010 and was released on a $10,000 bond. (Doc. No. 6-1.)  He has a valid work permit.  (Doc. No. 1 ¶ 7.)

On January 29, 2026, Petitioner was arrested by U.S. Immigration and Customs Enforcement ("ICE") while on his way to work.  (*Id.* ¶ 3.)  An arrest warrant was issued that same day.  (Doc. No. 6-2.)  He was originally arrested in Minnesota.  (*See id.*; Doc. No. 1 ¶ 14.)  He was then transferred to the ICE facility to El Paso, Texas.  (Doc. No. 1 ¶ 4.)  Despite counsel's attempt to locate Petitioner, the current location of Petitioner is unknown to counsel.[1]  (Doc. No. 7 at 3.)

Petitioner filed the Petition on January 30, 2026.  (Doc. No. 1 at 22.)  Petitioner asserts that his detention under 8 U.S.C. § 1225(b)(2) is unlawful because it violates the Fourth and Fifth Amendments, and the Immigration and Nationality Act.  (*Id.* ¶¶ 38-69.) Petitioner also submits that he is a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 25-cv-1873, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025).  (*Id.* ¶ 10.)[2]  Petitioner requests, among other things, release from detention or an order requiring Respondents to provide him with a bond hearing under 8 U.S.C. § 1226.  (*Id.* at 21-22.)  Also on January 30, 2026, the Court ordered

---

[1]    Respondents do not challenge the Court's jurisdiction to hear this Petition.  (*See* Doc. No. 5.)  Nonetheless, the Court notes that it has jurisdiction because the current location of Petitioner is unknown.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 450 n.18 (2004) (creating an exception to the district-of-confinement rule for habeas jurisdiction when the person's location is unknown).

[2]    Because the Court concludes that § 1225(b) does not apply to Petitioner, and therefore Petitioner is entitled to relief regardless of whether he is a member of the class, the Court need not address the effect of *Maldonado Bautista*.

Respondents to answer the Petition on or before February 2, 2026 at 12:00 p.m. CT. (Doc. No. 3.)  Respondents timely filed a response.  (Doc. No. 5.)

## DISCUSSION

A district court may provide habeas relief to a person who is being detained in violation of the Constitution or laws of the United States.  28 U.S.C. § 2241(c)(3).  That authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900-01 (D. Minn. 2020).  The burden is on the petitioner to prove illegal detention by a preponderance of the evidence.  *See Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154 (D. Minn. 2025).

Respondents submitted a response, arguing that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A).  (Doc. No. 5.)  Respondents summarize the legal basis for their interpretation of the mandatory detention provision under § 1225 but, in doing so, do not raise any arguments not already rejected by the Court.  As this Court has explained on multiple occasions, Respondents' interpretation of § 1225 contradicts the plain language of the statute.  *See Jose L.M.S. v. Bondi*, No. 26-cv-474, 2026 WL 185066, at *2 (D. Minn. Jan. 25, 2026); *Omar E.F.G. v. Bondi*, No. 26-cv-451, 2026 WL 184571, at *2 (D. Minn. Jan. 23, 2026); *Victor S.M. v. Noem*, No. 26-cv-400, 2026 WL 161445, at *2 (D. Minn. Jan. 21, 2026).  Section 1225 applies to "applicants for admission"—noncitizens who are either "present in the United States who ha[ve] not been admitted or who arrive[] in the United States."  8 U.S.C. § 1225(a)(1).  Section 1226

applies where § 1225 is inapplicable and provides immigration judges with the discretion to grant release on bond to noncitizens subject to removal proceedings. *See id.* § 1226(a).

Here, Petitioner is not an arriving noncitizen because he has been in the United States for over thirty years. *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (noting that § 1226(a) applies to "certain aliens already in the country"). Indeed, DHS applied § 1226 to Petitioner during the 2010 removal proceedings, as evidenced by the bond he was given. *See, e.g.*, *Santos M.C. v. Olson*, No. 25-cv-4264, 2025 WL 3281787, at *3 (Nov. 25, 2025) (finding that a petitioner was entitled to a bond hearing when the Government had previously applied § 1226 to that person). Petitioner is subject to the discretionary bond provisions of § 1226(a), not the mandatory bond provisions of § 1225(b)(2).

Having found that Petitioner is being detained unlawfully, the question becomes the correct remedy. A detainee being held pursuant to § 1226(a) must have been served an arrest warrant prior to detention. 8 U.S.C. § 1226(a); *see also Ahmed M. v. Bondi*, No. 25-cv-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) (collecting cases). Respondents submitted evidence of an I-200 form, an administrative warrant, which was served on the day of arrest. It is unclear if that arrest warrant was served prior to Petitioner's arrest and initial detention. Because Petitioner has not challenged the timing of the warrant, the Court will assume that Respondents have followed the proper process and served Petitioner with the warrant prior to arrest. Thus, Petitioner is not entitled to immediate release. He is, however, entitled to a bond hearing under § 1226(a), which the

Court orders Respondents to provide within seven days.  If Petitioner is not given a bond redetermination hearing within that timeframe, Petitioner must be immediately released.

**ORDER**

Based on the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1.      Petitioner's petition for writ of habeas corpus (Doc. No. [1]) is **GRANTED**.

2.      The Court **DECLARES** that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a).

3.      Respondents are **ORDERED** to provide Petitioner with a bond redetermination hearing before an immigration judge in Minnesota under 8 U.S.C. § 1226(a) within seven (7) days of the date of this Order.

4.      If the Government does not provide Petitioner with a bond redetermination hearing as required by this Order, Respondents must immediately release Petitioner from detention.  In the event that Respondents release Petitioner, they must do so:  (1) in Minnesota; (2) with all personal documents and belongings, such as his driver's license, passport, other immigration documents, and cell phone; (3) without conditions such as ankle monitors or tracking devices; and (4) with all clothing and outerwear he was wearing at the time of detention, or other proper winter attire.  In addition, Respondents shall provide reasonable advance notice to counsel to arrange for a safe release of Petitioner.

5.      Within ten (10) days of the date of this Order, Respondents shall provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding Petitioner's release.

6.      Respondents, or anyone acting in concert with Respondents, are **ENJOINED** from removing, transferring, or otherwise facilitating the removal of Petitioner from the District of Minnesota prior to the ordered bond hearing.

7.      Within thirty (30) days of final judgment in this action, Petitioner may move to recover attorneys' fees and costs under the Equal Access to Justice Act.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  February 5, 2026                    s/Donovan W. Frank
                                            DONOVAN W. FRANK
                                            United States District Judge